Hill, P. J.
The employee died on February 10, 1935. An award was made to the dependent mother, which was commuted and on October 7,1935, the employer and insurance carrier were directed to pay $6,553.05 into the Aggregate Trust Fund on account of the death benefits thereafter to be paid to the mother. Upon reconsideration of the matter, the board found that the mother had ceased to be dependent and payments were suspended as of May 22, 1944. The appellants contend that they should receive back from the Aggregate Trust Fund the value of the benefits which the mother would have received subsequent to May 22, 1944, if her dependency status had not changed.
Section 27 of the Workmen’s Compensation Law provides: “ If any award, the present value of which has been paid into the aggregate trust fund, is subsequently modified or changed by the board for any reason other than because of subsequent death or remarriage, the amount equal to the present value of the unpaid death benefits or other compensation at the effective date of such modification or change shall be computed on the basis both of the original award and of the modified or changed award. If such amount is greater on the basis of the original award, the difference shall be paid by said trust fund to the employer or insurance carrier. If such amount is greater on the basis of the modified or changed award, the difference shall be paid to said trust fund by such employer or insurance carrier.”
The original award was changed because the mother had ceased to be dependent and not because of “ death or remarriage ”. The original award under another portion of section 27 was made to the dependent parent on the basis of the mortality tables upon the assumption that she would continue dependent during life. This was later found to be untrue and the subsequent award determined that her dependency ended on May 22,1944. A computation “ on the basis both of the original award and of the modified or changed award ” discloses that *398 the employer and carrier are entitled to receive $3,801.89 (according to the State actuary), if the above-quoted provision of the statute applies. The authorities do not hold the contrary. In Matter of Parsons v. Despatch Shops, Inc., (268 App. Div. 840) cited on behalf of the Aggregate Trust Fund there was a change in conditions because of the beneficiary’s death. The change here was because of a greater earning capacity either of the mother or her husband.
The decision should be reversed on the law, with costs against the Workmen’s Compensation Board, and the matter remitted to that board for a decision as above indicated.